# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.                                                            Case No. 17-10035-03-EFM

ALEX QUINTANA TORRES,

*Defendant.*

## MEMORANDUM AND ORDER

In September 2017, Petitioner Alex Quintana Torres ("Petitioner") pleaded guilty to possession with the intent to distribute methamphetamine and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The Court sentenced Petitioner to 180 months' imprisonment followed by five years of supervised release. Petitioner now brings this Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 114). In this motion, Petitioner contends that he received ineffective assistance of counsel. Petitioner also has two motions to appoint counsel (Docs. 115, 130) and a motion for evidentiary hearing (Doc. 116) pending before the Court. As will be explained below, the Court denies Petitioner's § 2255 claim, denies his requests for the appointment of counsel, and denies the motion for an evidentiary hearing.

## I.      Factual and Procedural Background

The facts surrounding Petitioner's judgment of conviction are as follows.  On February 28, 2017, Petitioner was indicted on two counts.  The first count charged Petitioner with possession with intent to distribute at least fifty grams or more of actual methamphetamine.  The second count charged Petitioner with possession with intent to distribute at least one hundred grams or more of a mixture or substance containing a detectable amount of heroin.  On March 6, 2017, counsel was appointed.  Petitioner had his first appearance that same day.

On September 5, 2017, Petitioner entered a guilty plea to both counts of the indictment without a plea agreement.  During the hearing, Petitioner admitted that he was stopped in western Kansas while transporting illegal narcotics, i.e., heroin and methamphetamine, from Las Vegas, Nevada to Ohio.  Petitioner admitted that he was unaware of the actual amount to be transported, but law enforcement indicated that it was 2,222.86 grams of heroin and 6,110 grams of actual methamphetamine.

A Presentence Investigation Report ("PSR") was prepared by the United States Probation Office prior to Petitioner's sentencing.  The PSR calculated Petitioner's total offense level at 35 and his criminal history category at I which provided for a guideline sentence of 168 months to 210 months' imprisonment.  In addition, a statutory minimum term of 10 years, or 120 months' imprisonment, applied to each count.

Petitioner's counsel filed a Sentencing Memorandum in advance of sentencing.  In this memorandum, he requested a downward variance and requested 120 months' imprisonment.  He asserted that the downward variance was justified because Defendant was 27 years old, had little violent criminal history, had never been subject to lengthy incarceration, and although his role in the offense was more than minor, there was "no indication that he knew how much narcotics were

being transported nor the quality of the narcotics being transported."  The government requested that the Court impose a guideline sentence.  It asserted that the facts demonstrated that Petitioner was more than a transporter of illegal narcotics and showed that Petitioner helped orchestrate all the actions during the trip.

On November 20, 2017, the Court sentenced Petitioner to 180 months' imprisonment on each count, to run concurrently with each other.  The Court noted that a mid-tier sentence was warranted due to Petitioner's relative youth, the extremely large quantities of drugs in the case, and two major distribution amounts.  The Court concluded by noting that it made the sentence based on the facts of the case and after considering the sentencing objectives under 18 U.S.C. § 3553(a).

Petitioner filed an appeal and argued that his sentence was substantively unreasonable.  The Tenth Circuit affirmed Petitioner's sentence.[1]  After reviewing the sentencing factors under 18 U.S.C. § 3553(a)(1) and the record from this Court, the Tenth Circuit determined that "the sentence imposed by the district court was entirely reasonable."[2]  Defendant then filed a petition for writ of certiorari with the Supreme Court, which was denied on March 25, 2019.

On January 30, 2020, Petitioner filed this motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  In his motion, Petitioner argues that his conviction should be set aside because he received ineffective assistance of counsel.  Petitioner also filed a motion for appointment of counsel and a motion for evidentiary hearing.  On July 28, 2020, Petitioner filed

---

[1] *United States v. Quintana-Torres*, 749 F. App'x 734 (10th Cir. 2018).

[2] *Id*. at 738.

an additional motion to appoint counsel.  As discussed below, based on a review of the record, the

Court finds Petitioner's assertions of error to be without merit and denies Petitioner's motions.

## II.      Legal Standard

Under 28 U.S.C. § 2255(a):

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Courts:

> [t]he judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files

and records of the case conclusively show that the prisoner is entitled to no relief."[3]  The petitioner

must allege facts that, if proven, would warrant relief from his conviction or sentence.[4]   An

evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are

---

[3] 28 U.S.C. § 2255(b).

[4] *See Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[5]

### III.      Analysis

#### A.      Section 2255 Motion

Petitioner asserts that he received ineffective assistance of counsel on four different grounds.  In general, to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[6]  Under *Strickland*, a petitioner must prove that: (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial.[7]  To prevail on the first prong, a petitioner must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[8]  With regard to the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[9]  "A reasonable probability is a probability sufficient to undermine confidence in

---

[5] *See id*. (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[6] 466 U.S. 668 (1984).

[7] *Id*. at 687-89.

[8] *Id*. at 690.

[9] *Id.* at 694.

the outcome."[10]  This requires the court to focus on "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[11]

In cases where a petitioner pleads guilty, the Supreme Court has held that prejudice can only be shown if there is "a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial."[12]  Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[13] A failure to prove one of the *Strickland* prongs is dispositive to a petitioner's claim, and a court may dispose of either the first or second prong, whichever is easier to resolve.[14]

Petitioner first asserts that he received ineffective assistance of counsel because his counsel did not obtain the name of the true owner(s) of the drugs which prejudiced Petitioner because he was only involved in the transport of the drugs.  Counsel's performance was not deficient because the identity of the true owners of the drugs is irrelevant to Petitioner's conviction.  Petitioner pleaded guilty to possession with intent to distribute heroin and methamphetamine.  Furthermore, because the identity of the owner of the drugs is irrelevant, it follows that Petitioner could not be prejudiced by counsel's failure to identify the true owner.  Accordingly, Petitioner's first claim of ineffective assistance fails.

---

[10] *Id*.

[11] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687).

[12] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[13] *Strickland*, 466 U.S. at 690.

[14] *United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) (citations omitted).

Next, Petitioner asserts that his counsel did not object or point out to the Court that Petitioner was a mere employee of the person paying him to transport the drugs. This argument is similar to the one above, and Petitioner cannot show constitutionally deficient performance or prejudice. First, Petitioner's counsel did point out to the Court in his sentencing memorandum that Petitioner was merely the transporter of the drugs and not a major transaction player. This assertion is equivalent to stating that Petitioner was a mere employee. Thus, Petitioner's counsel's performance was not deficient because the record contradicts Petitioner's allegation that his counsel failed to make this argument. Because Petitioner's counsel effectively asserted this argument to the Court, Petitioner was not prejudiced, and the result would not have been any different. Accordingly, Petitioner's second claim of ineffective assistance of counsel is meritless.

As to Petitioner's third assertion that counsel was ineffective, he states that his counsel should have argued for a more reasonable length of imprisonment because the sentence imposed was too severe for a person who did not have any prior drug offenses. Here, Petitioner's counsel was not deficient because he did in fact argue for a lower sentence on behalf of Petitioner. He filed a sentencing memorandum requesting a downward variance, and he also requested a downward variance at the sentencing hearing. In both instances, Petitioner's counsel asserted that Petitioner should receive a sentence less than the guideline range due to Petitioner's low criminal history and lack of previous drug offenses. Because Petitioner's counsel made the very argument that Petitioner contends he should have made, Petitioner cannot demonstrate prejudice. Accordingly, Petitioner's third assertion of error relating to his ineffective assistance of counsel claim fails.

Finally, Petitioner argues that he received ineffective assistance of counsel because his counsel failed to file a motion to allow Petitioner to apply for the Safety Valve reduction even

though he qualified for it due to his criminal record.[15]   The government asserts that Petitioner's counsel was not deficient because Petitioner did not qualify for the safety valve reduction and thus Petitioner's counsel's argument would be frivolous.  The government also contends that Petitioner cannot demonstrate prejudice.

"Safety valve relief refers to statutory and guideline authority for the sentencing court to sentence beneath a statutory mandatory minimum sentence."[16]   In order for the Court to apply safety valve relief, a defendant must meet the following criteria:

(1) the defendant does not have more than 1 criminal history point . . . ;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.[17]

---

[15] Petitioner also asserts that as of December 21, 2018, the First Step Act modified the Safety Valve provision "making it easier for a defendant such as Quintana-Torres to get relief therefrom."  Petitioner was sentenced in November 2017.  Thus, any changes to the safety valve provision in 2018 are inapplicable to Petitioner.

[16] *United States v. Illescas*, 2006 WL 897604, at *2 (D. Kan. 2006) (citation omitted).

[17] U.S.S.G. § 5C1.2(a)(1)-(5); *see also* 18 U.S.C. § 3553(f).

Here, the government states that Petitioner arguably could have established the first three requirements, but he could not establish the fourth and fifth requirements. As to the fourth requirement, there is evidence that Petitioner was more than peripherally involved in the crimes charged. The government noted in its opposition to Petitioner's sentencing memorandum requesting a downward departure that Petitioner's co-defendant stated that Petitioner directed the co-defendant to do certain actions in relation to the crimes charged. In addition, the government asserted that the facts demonstrated that Petitioner did the initial planning, recruiting of others, hiding and packing of drugs, and directing of others in their transporting roles. Thus, the evidence here demonstrates that Petitioner likely would not have met the fourth requirement because he was an organizer, leader, manager, or supervisor of others in the offense.

As to the fifth requirement for a safety valve reduction, there is no evidence before the Court that Petitioner truthfully provided any information or evidence to the government prior to the sentencing hearing. He pleaded guilty without a plea agreement. And there is no indication that he had any discussions with the government. Indeed, the government stated in its opposition to Petitioner's request for a downward variance that Petitioner had been consistent in minimizing his knowledge and culpability in the offense. The government stated that Petitioner lied to law enforcement and that his co-defendants were more forthright. Thus, because Petitioner did not meet the fifth requirement, Petitioner was not eligible for a safety valve reduction. Accordingly, Petitioner cannot demonstrate his counsel's performance was deficient in not seeking a safety valve reduction for which Petitioner was not eligible.

 Furthermore, Petitioner cannot demonstrate prejudice. He cannot show with a reasonable probability that but for his counsel's alleged error in failing to ask for a safety valve reduction that the result would have been any different. Here, Petitioner's counsel asked the Court to give

Petitioner the mandatory minimum sentence of 120 months' imprisonment—a lower sentence than the guideline sentence of 168 to 210 months' imprisonment.  The Court declined to depart from the guideline range and instead sentenced Petitioner to 180 months' imprisonment noting that a mid-range guideline sentence was appropriate due to the extremely large quantities of drugs in the case and two major distribution amounts.  Petitioner cannot show that had his counsel asked for a safety valve reduction—an even lower sentence than already requested by his counsel—that the Court would have granted it.  The Court already declined to depart from the guideline range.  Thus, Petitioner cannot show with reasonable probability that based on a safety valve relief argument, the Court would have departed and gone below the statutory minimum.

Finally, Petitioner does not state a necessary component that he would have proceeded to trial "absent defense counsel's ineffectiveness."[18]  Instead, Petitioner simply states that he was erroneously sentenced, and his sentence should have been "at the minimum mandatory as the law allows."  Accordingly, Petitioner's fourth claim of ineffective assistance fails.

Based on the above evidence, the record demonstrates that Petitioner's plea was knowingly and voluntarily made with a complete understanding of its consequences.  Petitioner's § 2255 motion is without merit and is denied.

**B.      Motions to Appoint Counsel and Motion for Evidentiary Hearing**

Petitioner also has two motions pending seeking the appointment of counsel to assist him with his § 2255 motion.  There is no constitutional or statutory right to the appointment of counsel

---

[18] *United States v. Garcia-Viveros*, 2017 WL 1208014, at *3 (D. Kan. 2017) (citing *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002)).

beyond the direct appeal of a criminal conviction.[19]  Furthermore, Petitioner adequately sets forth the basis for his § 2255 motion.  Accordingly, the Court denies Petitioner's motions for counsel.

In this case, an evidentiary hearing is not necessary on Petitioner's motion because Petitioner's allegations are not supported by the record.  Petitioner does not provide the Court with a basis for vacating his sentence.  Thus, the Court denies Petitioner's request for an evidentiary hearing.

### IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[20]  A petitioner satisfies this burden if " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' "[21]  For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 114) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motions to Appoint Counsel (Docs. 115, 130) are **DENIED**.

---

[19] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (citation omitted).

[20] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA.  *See* 28 U.S.C. § 2253(c)(1).

[21] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (Doc. 116) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 2nd day of December, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE