## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      *Plaintiff,*

    vs.

ALEX QUINTANA-TORRES,

      *Defendant.*

Case No. 17-10035-03-EFM

## MEMORANDUM AND ORDER

    This matter comes before the Court on pro se Defendant Alex Quintana-Torres's Motions to Reduce Sentence (Docs. 134, 135). He contends that he is entitled to a sentence reduction due to recent amendments to the United States Sentencing Guidelines. The government opposes Defendant's motions for sentence reduction. For the reasons stated in more detail below, the Court dismisses Defendant's motions.

    On September 5, 2017, Defendant pleaded guilty to possession with the intent to distribute methamphetamine and possession with the intent to distribute heroin, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(A). On November 20, 2017, the Court sentenced Defendant to 180 months' imprisonment. On October 28, 2024, Defendant filed two Motions to Reduce Sentence. These motions request a sentence reduction under Amendment 821 on the basis that he is a zero-point offender.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[1]  Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[2]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[3]  Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[4]

Defendant is not a zero-point offender.  Instead, his Presentence Investigation Report shows that his criminal history score is one.  Thus, he is ineligible for a reduction in sentence under Amendment 821.  Accordingly, the Court dismisses Defendant's motion.[5]

---

[1] 18 U.S.C. § 3582(c)(2).

[2] *Id.*

[3] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[4] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited December 3, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[5] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).

**IT IS THEREFORE ORDERED** that Defendant's Motions to Reduce Sentence (Docs. 134, 135) are **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 9th day of December, 2024.


*Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE